UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO.  2:18-CR-00246-04 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| ZETHERNEAL ELIZAGARATE (04) | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a letter (Doc. 465), which this Court considers as a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant moves for an early release from prison to take care of her widowed mother.  The Government opposes the Motion.

## INTRODUCTION

Defendant, Zetherneal Elizagarate, was charged by an indictment with one count of violating 21 U.S.C. § § 846, 841(a)(1), and 841(b)(1)(A)—Conspiracy to distribute and Possess with Intent to Distribute Controlled Substances (Methamphetamine) and Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances (Cocaine). On April 3, 2019, Zetherneal pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances (Methamphetamine).

The count of conviction carried a minimum term of imprisonment of 10 years with a maximum term of life. However, Defendant met the "safety valve" criteria in 18 U.S.C. § 3553(f)(1)-(5), which allowed the Court to impose a sentence in accordance with the applicable guidelines (41-51 months) without regard to the statutory minimum sentence.

On December 16, 2019, Defendant was sentenced to a five-year term of probation with mandatory and special conditions of supervision. On November 20, 2023,

Defendant's supervised release was revoked, after admission by Defendant that she had violated Mandatory Condition Number 2—using methamphetamine. This Court then sentenced Defendant to 24 months of imprisonment to be followed by two years of supervised release. Defendant was ordered to self-report on January 8, 2024. Defendant now moves for early release.

## LAW AND ANALYSIS

A sentence of imprisonment may only be modified by the district court in limited circumstances. *Dillon v. United States*, 560 U.S. 817, 825 (2010). The court may reduce a term of imprisonment for "extraordinary and compelling reasons" so long as they are "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Following passage of the First Step Act in 2018, inmates may use his provision to directly petition the court for compassionate release.

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the

defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (iii) "the reduction is consistent with this policy statement." 1 U.S.S.G. § 1B1.13.

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The application note also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50.[2] This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified:

serious medical condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

Here, Defendant moves for early release so she can take care of her aging mother. However, she acknowledges that her siblings are currently fulfilling those duties. The Government argues that the Defendant must have exhausted her administrative remedies; "extraordinary and compelling reasons" must justify the reduction of his sentence or he must satisfy the requirements of § 3582(c)(1)(A)(ii); the reduction must be consistent with the Commission's applicable policy statement; and the defendant must convince the court to exercise its discretion to grant the motion after considering the § 3553(a) factors."); *United States v. Diamond*, 2023 WL 8724142, at *2 (S.D. Iowa Dec. 19, 2023) ("under § 3582(c)(1)(A)'s plain language, any reduction in sentence under this section must be 'consistent' with the Commission's policy statement in USSG § 1B1.13.")

The Fifth Circuit has explained that it understands "extraordinary" to mean "beyond or out of the common order," "remarkable," and synonymous with "singular." *United States v. Escajeda,* 58 F.4th 184, 186 (5th Cir. 2023). Further, "compelling" is a participle of "compel," which means "to drive or urge with force, or irresistibly," "to force," and "to subjugate." *Id.* The Fifth Circuit noted, "these terms explain why prisoners can seek relief under Section 3582(c)(1) only when they face some extraordinarily severe exigency, not

foreseeable at the time of sentencing, and unique to the life of the prisoner. *Id.* (citing *United States v. Chambliss,* 948 F.3d 691, 693 (5th Cir. 2020)). Defendant bears that burden. See *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021) quoting *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021).

First, Defendant has failed to exhaust her administrative remedies by filing a request for relief through the BOP and waiting at least 30 days before filing the instant motion.[1] More significantly, the Court finds that Defendant has failed to carry her burden of proving that extraordinary and compelling reasons warrant an early dismissal. Additionally, considering and weighing in on the 18 U.S.C. § 3553(a) factors, the Court finds that these factors weigh against early release. Defendant actions during her supervised release only confirm that she cannot comply with the terms of her supervised release, and thus she is a danger to herself and the community.

## CONCLUSION

For the reasons explained herein,

**IT IS ORDERED** that Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 12th day of April, 2024.

_____
JAMES D. CAIN, JR.
UNITED STATE DISTRICT JUDGE

---

[1] Defendant filed a request on February 26, 2024, but filed the instant Motion on March 11, 2024, and as of March 18, 2024, her request was still pending the Warden's decision.